FILED

2022 JUN -9 AM 11:08

CLERK OF COURTS
WILLIAMS COUNTY OHIO

## IN THE COURT OF COMMON PLEAS
## WILLIAMS COUNTY, OHIO

| | | |
|---|---|---|
| **CASEY FRANCOEUR**<br>16260 State Route 108<br>Fayette, Ohio 43521 | * <br><br>* | Case No. 22CI000094 <br><br> Judge  J.T. Stelzer |
| Plaintiff,<br>v. | *<br><br>* | **COMPLAINT; JURY DEMAND<br>ENDORSED HEREON** |
| **WALGREEN CO.**<br>c/o The Prentice Hall Corporation<br>System Inc.<br>3366 Riderside Drive, Suite 103<br>Upper Arlington, Ohio 43221 | *<br><br>*<br><br>* | Francis J. Landry (0006072)<br>**WASSERMAN, BRYAN, LANDRY<br>& HONOLD, LLP**<br>1090 West South Boundary, Suite 500<br>Perrysburg, Ohio  43551<br>Telephone: (419) 243-1239<br>Facsimile: (419) 243-2719<br>Email: FLandry308@aol.com |
| Defendant. | *<br><br>*<br><br>*<br><br>*<br><br>*<br><br>* | and<br><br>Nicholas C. Fee (0099533)<br>Law Office of Nicholas C. Fee LLC<br>110 East High Street<br>P.O. Box 227<br>Bryan, Ohio 43560<br>Telephone: (419) 212-9428<br>Email: feelaw13@gmail.com<br>Attorneys for Plaintiff<br>Casey Francoeur |

\* \* \* \* \* \* \* \*

EXHIBIT A

1

NOW COMES Plaintiff, Casey Francoeur, by and through undersigned counsel, and hereby prays for a judgment against Defendant.

## FACTS

1. Plaintiff is a resident of the State of Ohio.

2. Defendant, Walgreen Co. is an Illinois corporation with a location in the county of Williams, State of Ohio, where Plaintiff is employed.

3. The acts that gave rise to this action took place in Williams County, Ohio.

4. Plaintiff began working for Defendant as a pharmacist while she was attending the University of Toledo.

5. Plaintiff and Defendant entered into five contracts, true and accurate copies of which are attached hereto as Exhibit A and incorporated by reference as if fully restated herein.

6. Under the terms of the contracts, Plaintiff was paid $2500 per contract as towards her education in the pharmacy program with the University of Toledo.

7. Plaintiff left her employment with Walgreens in August of 2020 in pursuit of another employment opportunity.

8. Upon her resignation from Defendant, Plaintiff was informed that she was required to repay the total $12,500 she had received under the five contracts as she had not remained employed for 60 months after finishing her degree program.

9. Plaintiff was informed that she would not be required to repay the $12,500 if she re-commenced working for Defendant and worked for a total of 60 months, with at least 24 hours worked per week on average over a 12 week time period.

2

10. In September of 2020 Plaintiff therefore "re-commenced" her employment with Defendant. Since September of 2020, Defendant has prevented Plaintiff from being assigned at least 24 hours per week, and thus prevented her from performing under the terms of the contract.

11. Defendant retained Plaintiff's final paycheck from Defendant claiming it was being applied to her "balance" owed, and has demanded payment of the remainder of the $12,500 it claims she owes under the contracts.

## FIRST CLAIM FOR RELIEF
### Breach of Contract

12. Plaintiff incorporates each and every allegation contained in paragraphs one (1) through eleven (11) of this Complaint, supra, by reference in its entirety as if fully restated herein.

13. Plaintiff and Defendant entered into contracts, true and accurate copies of which are attached hereto as Exhibit A.

14. Plaintiff performed her obligations under the contract until Defendant prevented her for performing.

15. Defendant breached its duties under the contract in preventing Plaintiff from working the requisite 24 hours, and in retaining her final paycheck.

16. Defendant, and its respective agents, employees, and representatives, disrupted and prevented the completion of the Contract, of which Plaintiff would have performed, had it not been for Defendant's actions in preventing Plaintiff from completing said contract terms.

17. Defendant, without justification, has refused to permit and/or prevented Plaintiff from being scheduled to work for the requisite number of hours per week that is necessary for her to complete the terms and conditions of the Contract.

18. Despite Plaintiff's diligent efforts to seek shifts and request additional hours from Defendant, Defendant has continued to prevent Plaintiff from acquiring the necessary number of weekly hours, despite her ability and willingness to work more hours than offered by Defendant.

19. Defendant's failure to timely pay Plaintiff for past hours worked and wrongful declaration of default constitute substantial and material breaches of the Contract.

20. Defendant's substantial and material breaches excused Plaintiff's performance.

21. The following acts and omissions on the part of Defendant and its agents, employees, and representatives, also constitute substantial and material breaches of the Contract:

    a. Failing to make fair and reasonable interpretations of the Contract conditions;

    b. Failing to property and fairly administer the Contract;

    c. Maintaining an uncooperative attitude and acting in bad faith with respect to Plaintiff's Contract and requests for additional weekly shifts; and

    d. Declaring a default without cause and preventing Plaintiff's performance.

22. By virtue of the foregoing, Defendant breached its duty of good faith and fair dealing, which Defendant owed to Plaintiff under the terms of the Contract and at law.

23. The actions of Defendant and its agents, employees, and representatives in, among other things, administering the Contract, failing to provide reasonable hours and/or shifts each week for Plaintiff, and wrongfully preventing performance of the Contract, constitute willful, wanton, bad faith, and oppressive actions in its dealing with Plaintiff.

24. Defendant's breach of the contract has resulted in damage to Plaintiff including but not limited to monetary losses and emotional and mental damages, aggravation, lost time and other damages.

## SECOND CLAIM FOR RELIEF
## O.R.C. § 4113.15

25. Plaintiff incorporates each and every allegation contained in paragraphs one (1) through twenty-four (24) of this Complaint, supra, by reference in its entirety as if fully restated herein.

26. Plaintiff worked for Defendant in August of 2020, during which time Defendant failed to properly pay Plaintiff the wages to which she was owed.

27. More than four months have passed since Plaintiff was last scheduled with Defendant, and she has still not been paid her wages. Further, Defendant kept Plaintiff's wages under the guise of them being used to repay an obligation without a signed consent from Plaintiff to do so.

28. As such, Defendant has failed to pay Plaintiff her wages, a willful violation of Ohio Revised Code Section 4113.15.

29. As a proximate cause of Defendant's actions, Plaintiff has suffered lost wages, and is entitled to liquidated damages. Plaintiff has also been forced to expend litigation expenses and attorney's fees.

### THIRD CLAIM FOR RELIEF
#### Declaratory Judgment

30. Plaintiff incorporates each and every allegation contained in paragraphs one (1) through twenty-nine (29) of this Complaint, supra, by reference in its entirety as if fully restated herein.

31. Since September of 2020, Defendant has prevented Plaintiff from being assigned at least 24 hours per week, and thus prevented her from performing under the terms of the contract.

32. Plaintiff seeks a declaratory judgment that the Defendant prevented Plaintiff's performance under the contracts, and thus the repayment provisions of the contracts are void and unenforceable.

**WHEREFORE**, Plaintiff respectfully prays for an amount to fully and fairly and justly compensate her for her injuries, damages and loss. She respectfully requests that this Court enter

judgment in her favor in an amount exceeding the sum of $25,000.00 and award her past and future economic and non-economic compensatory damages, back-pay, lost benefits, punitive damages, interest, all attorney's fees, costs, and any equitable relief that this Court deems appropriate. She further requests a declaratory judgment that the repayment provision of the contracts attached hereto are void and unenforceable as Defendant prevented performance.

Respectfully submitted,

WASSERMAN, BRYAN, LANDRY & HONOLD, LLP

_____
Francis J. Landry
Attorneys for Plaintiff, Casey Francoeur

## JURY DEMAND

Plaintiff demands a jury trial as to all issues so triable in the within cause.

_____
Francis J. Landry

6

**Pharmacy Educational Assistance Program for School Year 2012-2013**

| Student Personal Information | | | |
|---|---|---|---|
| Student Name: | Casey M Reese | | |
| Home Address: | 4304 Southway St. SW<br>Massillon, OH 44646 | Address at School: | 1730 West Rocket Dr.<br>Apt. 2214<br>Toledo, OH 43606 |
| Home Phone: | (330) 313-8236 | Phone at School: | (330) 949-9705 |
| Cell Phone: | (330) 949-9705 | | |
| Email: | casey.reese@rockets.utoledo.edu | | |

| Educational Information | |
|---|---|
| Year Studying: | 1st year Pharmacy school |
| College Name: | University Of Toledo, OH |
| COP Start Date: | 08/2012 |
| Graduation Year: | 05/2016 |

| | |
|---|---|
| Do you want to work for district where you will be receiving scholarship award? | Yes |

**TERMS OF WALGREENS PROGRESSIVE PHARMACY STUDENT EDUCATIONAL ASSISTANCE PROGRAM:**

1. Upon approval, educational assistance awards shall be provided for a one, two, three or four year period of time, during which time the recipient must remain a student (with a "C" average or better) in a pharmacy program approved by Walgreens. Additionally, the student must be legally authorized to work in the United States throughout the duration of this Agreement.

2. Recipient shall apply the entire amount of each award to recipient's education in the approved pharmacy program.

3. To avoid any repayment obligation, recipient must graduate from the approved pharmacy school, accept employment in the location designated by Walgreens, work an average of at least 24 hours per week, and remain continuously employed as a fully licensed pharmacist for a cumulative period of time equal to the sum of the number of years recipient participated in the Program (this period of time is referred to below as the "Required Employment Period"). However, for participants in three-year pharmacy schools, the Required Employment Period shall equal one year for participation during the first school year, plus 18 months for participation in each of the second and third school years. Periods of non-active employment (approved leaves of absences) do not count toward satisfying the Required Employment Period. Employment with any companies within the Walgreens' Family of Companies shall be counted towards recipient's Required Employment Period.

4. The total Required Employment Period for the recipient shall include the Required Employment Period described in 3 above, plus the Required Employment Period(s) for the recipient's participation in one or more of the other educational assistance programs offered by Walgreens to pharmacy students, if applicable. (For example, if a student receives the Pre-Pharmacy award, Progressive Program awards (under a four-year program) for two years and Location Based Program awards for two years, he/she would be required to work for Walgreens as a full-time registered pharmacist for six years, two of which are in the geographic area specified in the Walgreens Pharmacy Student Location Based Educational Assistance Program Application).

5. Walgreens will consider recipient geographic location preferences, but nationwide employment availability and business needs also are important factors in Walgreens employment determinations. For this reason, Walgreens reserves the right to employ recipient in any geographic location and shall be under no obligation to place recipient in accordance with recipient's geographical location preference.

6. If recipient does not graduate from an approved pharmacy program or fails to pass the state board examination for a pharmacy license after three consecutive attempts, then recipient promises to pay to Walgreens the sum of the annual awards received under the Program, which sum shall become immediately due and payable upon demand from Walgreens. The amount to be repaid with respect to each annual award shall be increased by a penalty of 8% per year from the date the award was made.

7. If recipient does not complete the Required Employment Period, then recipient promises to pay to Walgreens the total sum of the awards received under the Program, upon demand from Walgreens. If not paid within 30 days of demand for payment, the amount due shall be increased by a penalty of 8% per year from the date recipient terminates employment or rejects a designated employment location. Recipient's completion of a portion of the Required Employment Period shall not reduce the amount owed. Further, failure to complete the Required Employment Period, either directly or indirectly due to the recipient's failure or inability to maintain valid work authorization throughout the duration of this Agreement, shall not release the recipient from the repayment obligations described herein.

8. Walgreens reserves the right to satisfy this repayment obligation with any amounts owed by Walgreens to the recipient at the relevant time, including but not limited to any final wages or vacation. In the event the recipient fails to fully satisfy any portion of this repayment obligation, Walgreens may refer collection to a collection agency, and the recipient shall then be responsible for all fees incurred by Walgreens in connection with such collection, including any attorneys' fees and court costs.

9. The terms of this award shall not be considered a contract or guarantee of employment for a definite period. Either the recipient or Walgreens may terminate the relationship for any reason at any time with or without notice.

10. It is the recipient's responsibility to keep Walgreens informed of any changes in his or her student status and any changes in his or her address.

11. If any of the foregoing provisions is held unenforceable, all remaining provisions shall be enforceable.

12. No delay on the part of Walgreens in exercising its rights shall operate as a waiver by Walgreens or operate as a release of recipient's obligations.

☐ **I understand the above terms of the Walgreens Progressive Pharmacy Student Educational Assistance Program, and agree to abide by such terms.**

Date:    04   / 17   / 2013

**Pharmacy Educational Assistance Program for School Year 2013-2014**

| Student Personal Information | | | |
|---|---|---|---|
| Student Name: | Casey M Reese | | |
| Home Address: | 4304 Southway St. SW<br>Massillon, OH 44646 | Address at School: | 1730 West Rocket Dr.<br>Apt. 2214<br>Toledo, OH 43606 |
| Home Phone: | (330) 313-8236 | Phone at School: | (330) 949-9705 |
| Cell Phone: | (330) 949-9705 | | |
| Email: | casey.reese@rockets.utoledo.edu | | |

| Educational Information | |
|---|---|
| Year Studying: | 2nd year Pharmacy school |
| College Name: | University Of Toledo, OH |
| COP Start Date: | 08/2012 |
| Graduation Year: | 05/2016 |
| Do you want to work for district where you will be receiving scholarship award? | Yes |

**TERMS OF WALGREENS PROGRESSIVE PHARMACY STUDENT EDUCATIONAL ASSISTANCE PROGRAM:**

1. Upon approval, educational assistance awards shall be provided for a one, two, three or four year period of time, during which time the recipient must remain a student (with a "C" average or better) in a pharmacy program approved by Walgreens. Additionally, the student must be legally authorized to work in the United States throughout the duration of this Agreement.

2. Recipient shall apply the entire amount of each award to recipient's education in the approved pharmacy program.

3. To avoid any repayment obligation, recipient must graduate from the approved pharmacy school, accept employment in the location designated by Walgreens, work an average of at least 24 hours per week, and remain continuously employed as a fully licensed pharmacist for a cumulative period of time equal to the sum of the number of years recipient participated in the Program (this period of time is referred to below as the "Required Employment Period"). However, for participants in three-year pharmacy schools, the Required Employment Period shall equal one year for participation during the first school year, plus 18 months for participation in each of the second and third school years. Periods of non-active employment (approved leaves of absences) do not count toward satisfying the Required Employment Period. Employment with any companies within the Walgreens' Family of Companies shall be counted towards recipient's Required Employment Period.

4. The total Required Employment Period for the recipient shall include the Required Employment Period described in 3 above, plus the Required Employment Period(s) for the recipient's participation in one or more of the other educational assistance programs offered by Walgreens to pharmacy students, if applicable. (For example, if a student receives the Pre-Pharmacy award, Progressive Program awards (under a four-year program) for two years and Location Based Program awards for two years, he/she would be required to work for Walgreens as a full-time registered pharmacist for six years, two of which are in the geographic area specified in the Walgreens Pharmacy Student Location Based Educational Assistance Program Application).

5. Walgreens will consider recipient geographic location preferences, but nationwide employment availability and business needs also are important factors in Walgreens employment determinations. For this reason, Walgreens reserves the right to employ recipient in any geographic location and shall be under no obligation to place recipient in accordance with recipient's geographical location preference.

6. If recipient does not graduate from an approved pharmacy program or fails to pass the state board examination for a pharmacy license after three consecutive attempts, then recipient promises to pay to Walgreens the sum of the annual awards received under the Program, which sum shall become immediately due and payable upon demand from Walgreens. The amount to be repaid with respect to each annual award shall be increased by a penalty of 8% per year from the date the award was made.

7. If recipient does not complete the Required Employment Period, then recipient promises to pay to Walgreens the total sum of the awards received under the Program, upon demand from Walgreens. If not paid within 30 days of demand for payment, the amount due shall be increased by a penalty of 8% per year from the date recipient terminates employment or rejects a designated employment location. Recipient's completion of a portion of the Required Employment Period shall not reduce the amount owed. Further, failure to complete the Required Employment Period, either directly or indirectly due to the recipient's failure or inability to maintain valid work authorization throughout the duration of this Agreement, shall not release the recipient from the repayment obligations described herein.

8. Walgreens reserves the right to satisfy this repayment obligation with any amounts owed by Walgreens to the recipient at the relevant time, including but not limited to any final wages or vacation. In the event the recipient fails to fully satisfy any portion of this repayment obligation, Walgreens may refer collection to a collection agency, and the recipient shall then be responsible for all fees incurred by Walgreens in connection with such collection, including any attorneys' fees and court costs.

9. The terms of this award shall not be considered a contract or guarantee of employment for a definite period. Either the recipient or Walgreens may terminate the relationship for any reason at any time with or without notice.

10. It is the recipient's responsibility to keep Walgreens informed of any changes in his or her student status and any changes in his or her address.

11. If any of the foregoing provisions is held unenforceable, all remaining provisions shall be enforceable.

12. No delay on the part of Walgreens in exercising its rights shall operate as a waiver by Walgreens or operate as a release of recipient's obligations.

☐ **I understand the above terms of the Walgreens Progressive Pharmacy Student Educational Assistance Program, and agree to abide by such terms.**

Date:    09   / 24   / 2013

**Pharmacy Educational Assistance Program for School Year 2014-2015**

| Student Personal Information | | | |
|---|---|---|---|
| Student Name: | **Casey M Reese** | | |
| Home Address: | **4304 Southway St. SW**<br>**Massillon, OH 44646** | Address at School: | **5933 Walnut Circle Dr Apt. T**<br>**Toledo, OH 43615** |
| Home Phone: | **(330) 313-8236** | Phone at School: | **(330) 949-9705** |
| Cell Phone: | **(330) 949-9705** | | |
| Email: | **casey.reese@rockets.utoledo.edu** | | |

| Educational Information | |
|---|---|
| Year Studying: | **3rd year Pharmacy school** |
| College Name: | **University Of Toledo, OH** |
| COP Start Date: | **08/2012** |
| Graduation Year: | **05/2016** |
| Do you want to work for district where you will be receiving scholarship award? | **Yes** |

**TERMS OF WALGREENS PROGRESSIVE PHARMACY STUDENT EDUCATIONAL ASSISTANCE PROGRAM:**

1. Upon approval, educational assistance awards shall be provided for a one, two, three or four year period of time, during which time the recipient must remain a student (with a "C" average or better) in a pharmacy program approved by Walgreens. Additionally, the student must be legally authorized to work in the United States throughout the duration of this Agreement.

2. Recipient shall apply the entire amount of each award to recipient's education in the approved pharmacy program.

3. To avoid any repayment obligation, recipient must graduate from the approved pharmacy school, accept employment in the location designated by Walgreens, work an average of at least 24 hours per week, and remain continuously employed as a fully licensed pharmacist for a cumulative period of time equal to the sum of the number of years recipient participated in the Program (this period of time is referred to below as the "Required Employment Period"). However, for participants in three-year pharmacy schools, the Required Employment Period shall equal one year for participation during the first school year, plus 18 months for participation in each of the second and third school years. Periods of non-active employment (approved leaves of absences) do not count toward satisfying the Required Employment Period. Employment with any companies within the Walgreens' Family of Companies shall be counted towards recipient's Required Employment Period.

4. The total Required Employment Period for the recipient shall include the Required Employment Period described in 3 above, plus the Required Employment Period(s) for the recipient's participation in one or more of the other educational assistance programs offered by Walgreens to pharmacy students, if applicable. (For example, if a student receives the Pre-Pharmacy award, Progressive Program awards (under a four-year program) for two years and Location Based Program awards for two years, he/she would be required to work for Walgreens as a full-time registered pharmacist for six years, two of which are in the geographic area specified in the Walgreens Pharmacy Student Location Based Educational Assistance Program Application).

5. Walgreens will consider recipient geographic location preferences, but nationwide employment availability and business needs also are important factors in Walgreens employment determinations. For this reason, Walgreens reserves the right to employ recipient in any geographic location and shall be under no obligation to place recipient in accordance with recipient's geographical location preference.

6. If recipient does not graduate from an approved pharmacy program or fails to pass the state board examination for a pharmacy license after three consecutive attempts, then recipient promises to pay to Walgreens the sum of the annual awards received under the Program, which sum shall become immediately due and payable upon demand from Walgreens. The amount to be repaid with respect to each annual award shall be increased by a penalty of 8% per year from the date the award was made.

7. If recipient does not complete the Required Employment Period, then recipient promises to pay to Walgreens the total sum of the awards received under the Program, upon demand from Walgreens. If not paid within 30 days of demand for payment, the amount due shall be increased by a penalty of 8% per year from the date recipient terminates employment or rejects a designated employment location. Recipient's completion of a portion of the Required Employment Period shall not reduce the amount owed. Further, failure to complete the Required Employment Period, either directly or indirectly due to the recipient's failure or inability to maintain valid work authorization throughout the duration of this Agreement, shall not release the recipient from the repayment obligations described herein.

8. Walgreens reserves the right to satisfy this repayment obligation with any amounts owed by Walgreens to the recipient at the relevant time, including but not limited to any final wages or vacation. In the event the recipient fails to fully satisfy any portion of this repayment obligation, Walgreens may refer collection to a collection agency, and the recipient shall then be responsible for all fees incurred by Walgreens in connection with such collection, including any attorneys' fees and court costs.

9. The terms of this award shall not be considered a contract or guarantee of employment for a definite period. Either the recipient or Walgreens may terminate the relationship for any reason at any time with or without notice.

10. It is the recipient's responsibility to keep Walgreens informed of any changes in his or her student status and any changes in his or her address.

11. If any of the foregoing provisions is held unenforceable, all remaining provisions shall be enforceable.

12. No delay on the part of Walgreens in exercising its rights shall operate as a waiver by Walgreens or operate as a release of recipient's obligations.

☐ **I understand the above terms of the Walgreens Progressive Pharmacy Student Educational Assistance Program, and agree to abide by such terms.**

Date:      11    / 05    / 2014

**Pharmacy Educational Assistance Program for School Year 2015-2016**

| Student Personal Information | | | |
|---|---|---|---|
| Student Name: | Casey M Reese | | |
| Home Address: | 4304 Southway St. SW<br>Massillon, OH 44646 | Address at School: | 2940 S 109th St<br>Toledo, OH 43611 |
| Home Phone: | (330) 313-8236 | Phone at School: | (330) 949-9705 |
| Cell Phone: | (330) 949-9705 | | |
| Email: | casey.reese@rockets.utoledo.edu | | |

| Educational Information | |
|---|---|
| Year Studying: | 4th year Pharmacy school |
| College Name: | University Of Toledo, OH |
| COP Start Date: | 08/2012 |
| Graduation Year: | 05/2016 |

| | |
|---|---|
| Do you want to work for district where you will be receiving scholarship award? | Yes |

**TERMS OF WALGREENS PROGRESSIVE PHARMACY STUDENT EDUCATIONAL ASSISTANCE PROGRAM:**

1. Upon approval, educational assistance awards shall be provided for a one, two, three or four year period of time, during which time the recipient must remain a student (with a "C" average or better) in a pharmacy program approved by Walgreens. Additionally, the student must be legally authorized to work in the United States throughout the duration of this Agreement.

2. Recipient shall apply the entire amount of each award to recipient's education in the approved pharmacy program.

3. To avoid any repayment obligation, recipient must graduate from the approved pharmacy school, accept employment in the location designated by Walgreens, work an average of at least 24 hours per week, and remain continuously employed as a fully licensed pharmacist for a cumulative period of time equal to the sum of the number of years recipient participated in the Program (this period of time is referred to below as the "Required Employment Period"). However, for participants in three-year pharmacy schools, the Required Employment Period shall equal one year for participation during the first school year, plus 18 months for participation in each of the second and third school years. Periods of non-active employment (approved leaves of absences) do not count toward satisfying the Required Employment Period. Employment with any companies within the Walgreens' Family of Companies shall be counted towards recipient's Required Employment Period.

4. The total Required Employment Period for the recipient shall include the Required Employment Period described in 3 above, plus the Required Employment Period(s) for the recipient's participation in one or more of the other educational assistance programs offered by Walgreens to pharmacy students, if applicable. (For example, if a student receives the Pre-Pharmacy award, Progressive Program awards (under a four-year program) for two years and Location Based Program awards for two years, he/she would be required to work for Walgreens as a full-time registered pharmacist for six years, two of which are in the geographic area specified in the Walgreens Pharmacy Student Location Based Educational Assistance Program Application).

5. Walgreens will consider recipient geographic location preferences, but nationwide employment availability and business needs also are important factors in Walgreens employment determinations. For this reason, Walgreens reserves the right to employ recipient in any geographic location and shall be under no obligation to place recipient in accordance with recipient's geographical location preference.

6. If recipient does not graduate from an approved pharmacy program or fails to pass the state board examination for a pharmacy license after three consecutive attempts, then recipient promises to pay to Walgreens the sum of the annual awards received under the Program, which sum shall become immediately due and payable upon demand from Walgreens. The amount to be repaid with respect to each annual award shall be increased by a penalty of 8% per year from the date the award was made.

7. If recipient does not complete the Required Employment Period, then recipient promises to pay to Walgreens the total sum of the awards received under the Program, upon demand from Walgreens. If not paid within 30 days of demand for payment, the amount due shall be increased by a penalty of 8% per year from the date recipient terminates employment or rejects a designated employment location. Recipient's completion of a portion of the Required Employment Period shall not reduce the amount owed. Further, failure to complete the Required Employment Period, either directly or indirectly due to the recipient's failure or inability to maintain valid work authorization throughout the duration of this Agreement, shall not release the recipient from the repayment obligations described herein.

8. Walgreens reserves the right to satisfy this repayment obligation with any amounts owed by Walgreens to the recipient at the relevant time, including but not limited to any final wages or vacation. In the event the recipient fails to fully satisfy any portion of this repayment obligation, Walgreens may refer collection to a collection agency, and the recipient shall then be responsible for all fees incurred by Walgreens in connection with such collection, including any attorneys' fees and court costs.

9. The terms of this award shall not be considered a contract or guarantee of employment for a definite period. Either the recipient or Walgreens may terminate the relationship for any reason at any time with or without notice.

10. It is the recipient's responsibility to keep Walgreens informed of any changes in his or her student status and any changes in his or her address.

11. If any of the foregoing provisions is held unenforceable, all remaining provisions shall be enforceable.

12. No delay on the part of Walgreens in exercising its rights shall operate as a waiver by Walgreens or operate as a release of recipient's obligations.

☐ **I understand the above terms of the Walgreens Progressive Pharmacy Student Educational Assistance Program, and agree to abide by such terms.**

Date:     10   / 14    / 2015

**Pre-Pharmacy Educational Assistance Program for School Year 2012-2013**

| Student Personal Information | | Pre-Pharmacy School Information | |
|---|---|---|---|
| Student Name: | Casey M Reese | School Name: | The University Of Toledo |
| Home Address: | 4304 Southway St. Sw | School Start Date: | 08/2010 |
| | Massillon, OH 44646 | School End Date: | 05/2012 |
| Home Phone: | (330) 313-8236 | | |
| Address at School: | 1730 West Rocket Dr. Apt. 2214 | | |
| | Toledo, OH 43606 | | |
| Phone at School: | (330) 949-9705 | | |
| Email: | casey.reese@rockets.utoledo.edu | | |

**TERMS OF WALGREENS PRE-PHARMACY EDUCATIONAL ASSISTANCE PROGRAM:**

1. Pre-pharmacy educational assistance shall be approved by Walgreens for Recipient who is admitted into a pharmacy program approved by Walgreens. Additionally, the recipient must be legally authorized to work in the United States throughout the duration of this Agreement. The award reimburses recipient $2,500 or tuition costs, books and fees for pre-pharmacy classes (whichever is less). The educational assistance is granted for a two-year period, the standard length of a pre-pharmacy curriculum.

2. To avoid any repayment obligation, recipient must graduate from the approved pharmacy school, accept employment in the location designated by Walgreens, and remain continuously employed as a full-time fully licensed pharmacist for one year (this period of time is referred to below as the "Required Employment Period"). Periods of non-active employment (approved leaves of absences) do not count toward satisfying the Required Employment Period.

3. The total Required Employment Period for the recipient shall include the Required Employment Period described in 2 above, plus the Required Employment Period(s) for the recipient's participation in one or more of the other educational assistance programs offered by Walgreens to pharmacy students, if applicable.

4. Walgreens will consider recipient geographic location preferences, but nationwide employment availability and business needs also are important factors in Walgreens employment determinations. For this reason, Walgreens reserves the right to employ recipient in any geographic location and shall be under no obligation to place recipient in accordance with recipient's geographical location preference.

5. If recipient does not graduate from an approved pharmacy program or fails to pass the state board examination for a pharmacy license after three consecutive attempts, then recipient promises to pay to Walgreens the total award received under the Program, which sum shall become immediately due and payable upon demand from Walgreens. The amount to be repaid shall be increased by a penalty of 8% per year from the date the award was made.

6. If recipient does not complete the Required Employment Period, then recipient promises to pay to Walgreens the total award received under the Program, upon demand from Walgreens. If not paid within 30 days of demand for payment, the amount due shall be increased by a penalty of 8% per year from the date recipient terminates employment or rejects a designated employment location. Recipient's completion of a portion of the Required Employment Period shall not reduce the amount owed. Further, failure to complete the Required Employment Period, either directly or indirectly due to the recipient's failure or inability to maintain valid work authorization throughout the duration of this Agreement, shall not release the recipient from the repayment obligations described herein.

7. Walgreens reserves the right to satisfy this repayment obligation with any amounts owed by Walgreens to the recipient at the relevant time, including but not limited to any final wages or vacation. In the event the recipient fails to fully satisfy any portion of this repayment obligation, Walgreens may refer collection to a collection agency, and the recipient shall then be responsible for all fees incurred by Walgreens in connection with such collection, including any attorneys' fees and court costs.

8. The terms of this award shall not be considered a contract or guarantee of employment for a finite period. Either the recipient or Walgreens may terminate the relationship for any reason at any time with or without notice.

9. It is the recipient's responsibility to keep Walgreens informed of any changes in his or her student status and any changes in his or her address.

10. If any of the foregoing provisions is held unenforceable, all remaining provisions shall be enforceable.

11. No delay on the part of Walgreens in exercising its rights shall operate as a waiver by Walgreens or operate as a release of recipient's obligations.

☐ I understand the above terms of the Walgreens Pre-Pharmacy Student Educational Assistance Program, and agree to abide by such terms.

Date:     04  / 17  / 2013

THE COURT OF COMMON PLEAS
CLERK OF COURT - WILLIAMS COUNTY
THIRD FLOOR, COURTHOUSE
BRYAN, OHIO 43506
(419) 636-1551

## SUMMONS

CASEY FRANCOEUR
16260 STATE ROUTE 108
FAYETTE, OH 43521
**Plaintiff**

VS

**CASE NO. 22CI000094**

WALGREEN CO
C/O THE PRENTICE HALL CORPORATION SYSTEM INC.
3366 RIDERSIDE DRIVE,SUITE 103
UPPER ARLINGTON, OH 43221
**Defendant**

TO THE ABOVE-NAMED DEFENDANT:

YOU ARE HEREBY SUMMONED THAT A COMPLAINT (a copy of which is hereto attached and made a part hereof) HAS BEEN FILED AGAINST YOU in this court by the Plaintiff(s) named herein.

YOU ARE REQUIRED TO SERVE upon the plaintiff(s) attorney, or upon the plaintiff(s) if have no attorney of record, A COPY OF YOUR ANSWER TO THE COMPLAINT WITHIN 28 DAYS AFTER SERVICE OF THIS SUMMONS UPON YOU, exclusive of the day of service. Said answer must be filed with this court within three days after service on plaintiff's attorney.

The name and address of the plaintiff(s) attorney is as follows:

FRANCIS JOHN LANDRY
1090 WEST BOUNDARY,SUITE 500
PERRYSBURG, OH 43551

IF YOU FAIL TO APPEAR AND DEFEND, JUDGMENT BY DEFAULT WILL BE TAKEN AGAINST YOU FOR THE RELIEF DEMANDED IN THE COMPLAINT.

KIMBERLY L. HERMAN, CLERK OF COURTS

*Vicki D Frusbee*
Deputy Clerk

June 10, 2022